UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GREG GAMACHE, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) 2:10-cv-00529-GZS |
| | ) |
| VARIOUS UNKNOWN INDIVIDUALS | ) |
| EMPLOYING MIND ALTERING DEVICES, | ) |
| | ) |
|     Defendants | ) |

**RECOMMENDED DECISION
AND
ORDER GRANTING MOTION FOR LEAVE
TO PROCEED *IN FORMA PAUPERIS***

Greg Gamache has filed an application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and a complaint that

targets as defendants various unnamed individuals who have caused electronic waves to bombard

Gamache, causing him acute distress. The alleged conduct began in 2005, most probably in

California, although Juneau, Alaska and the State of Michigan appear to be implicated.

Gamache describes how he first filed a complaint in his "local court," but that action was

dismissed because it was not "real." In order to demonstrate the reality of his concerns,

Gamache submitted the results of his internet Yahoo search regarding certain patented and

patent-pending devices that are focused on the development of a method and system for altering

consciousness. It is Gamache's contention that the unknown defendants have used such devices

to harass and torment him.

***Application to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u>***

Greg Gamache, who is from Saint Charles, Missouri, has submitted an application to

proceed in forma pauperis showing that he has $2100.00 cash in hand. He indicates no wages

and no source of income, so the $2100.00 cash in hand appears unexplained. He does have

enough money to pay the filing fee and for that reason alone I could deny the motion. However, since this "complaint" would be dismissed under 28 U.S.C. § 1915 for failing to state a claim even if the filing fee were paid in full, it makes little sense to give Gamache additional time to pay the filing fee. Accordingly, I will grant his application to proceed in forma pauperis, subject to the following recommended decision regarding summary dismissal. In the event this case remains on the docket, Gamache's in forma pauperis status should be reviewed.

***Recommended Decision on Complaint***

With regards to a proceeding in forma pauperis such as this one, the United States Congress has directed: "[T]he court shall dismiss the case at any time if the court determines that -- … (B) the action…-- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under 28 U.S.C. § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke v. Williams, 490 U.S. 319, 324 (1989) (citing Franklin v. Murphy, 745 F.2d 1221, 1226 (9th Cir. 1984)); accord Denton v. Hernandez, 504 U.S. 25, 33 (1992); see also Mallard v. U.S. Dist. Ct. S. D. Iowa, 490 U.S. 296, 307-308 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton, 504 U.S. at 33.

During the month of December 2010, Gamache has filed similar cases with unknown defendants in at least three other federal district courts. (See Gregory Trover Gamache v.

Unknown Defendant, 4:10-cv-02273-TIA (E. D. Mo., filed December 2, 2010); Gregory Gamache v. Unknown Defendants, 4:10-cv-03256-RGK-PRSE (D. Neb., filed December 21, 2010); and Greg Gamache v. Unknown Parties, 1:10-cv-01285-JTN-ESC (W.D. Mich., filed December 27, 2010).) Gamache's complaint also references other identical complaints that have been filed at The Hague, in the Northern District of California, in Sedgewick County, Kansas, and in the Eastern District of New York. The gist of Gamache's complaint with this court is that he wants the court to investigate who is responsible for the "electronic harassment" he has endured for the past five years. (Compl. at 1, Doc. No. 1.) Gamache does not have the names or addresses of any of the putative defendants, although a James from California, along with two CIA agents named Ingrid and Gretchen, roommates at Brown University, appear to be implicated in the conspiracy. In any event, as all of the above referenced courts have indicated by their docket entries, it is impossible for the court to ascertain who has been named as defendants in this lawsuit.

Gamache's cause of action in this court is one of conspiracy involving various unknown parties' use of some sort of mind altering electronic devices to harass and torment him. Gamache has failed to allege a "plausible suggestion of conspiracy" between these various individuals and entities. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 566 (2007). See also Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct 1937 (2009); Neitzke, 490 U.S. at 327-28; Purvis v. Ponte, 929 F.2d 822, 826 -827 (1st Cir. 1991). Simply because Gamache believes that his factual allegations are "real," does not mean that the case ought not be dismissed as frivolous or for failure to state a federal constitutional claim. Other courts have arrived at the same difficult conclusion concerning similar allegations, see, e.g., Mitchell v. Abel, No. 88-2438. 1989 WL 102954, 2 (9th Cir. 1989) (unpublished); Christian v. Moore, No. 3:10-CV-302-FDW-DSC,

2010 WL 3418390, 1 -2 (W.D.N.C. Aug. 30, 2010) (unpublished); <u>Calhoon v. San Diego Police</u>

<u>Dept.</u>, No. 10cv1629 WQH (POR), L 3184254, 1 -2 (S.D. Cal. Aug. 10, 2010) (unpublished);

<u>Hix v. Bush</u>, No. 10-12366, 2010 WL 2560446, 1 (E.D.Mich. June 16, 2010) (unpublished);

<u>Lignell v. Catholic Church</u>, No. 2:09-cv-1151-CW-PMW, 2010 WL 2521452, 3 -5 (D. Utah May

6, 2010) (unpublished).   These cases all concern situations where the factual allegations "rise to

the level of the irrational or the wholly incredible." <u>Denton</u>, 504 U.S. at 33.   In my opinion

Gamache's complaint fits squarely within that category and must be summarily dismissed for

failure to state a claim.

NOTICE


        A party may file objections to those specified portions of a magistrate
judge's report or proposed findings or recommended decisions entered pursuant to
28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought,
together with a supporting memorandum, within fourteen (14) days of being
served with a copy thereof.  A responsive memorandum shall be filed within
fourteen (14) days after the filing of the objection.

        Failure to file a timely objection shall constitute a waiver of the right to *de
novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk<br>U.S. Magistrate Judge

December 29, 2010